

**FILED**
**Jul 22, 2024**
**08:09 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Christopher Cutsinger | ) Docket Nos. 2021-06-0007 |
| | ) 2022-06-1079 |
| v. | ) |
| | ) State File Nos. 48212-2020 |
| AT&T Mobility Services, LLC, et al. | ) 26837-2022 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee challenges the trial court's order canceling an expedited hearing and setting a scheduling hearing. The employee asserts the trial court's order exceeded the limits of its discretionary authority and violated his due process rights. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Christopher Cutsinger, Hendersonville Tennessee, employee-appellant, pro se

Garett P. Franklyn, Knoxville, Tennessee, for the employer-appellee, AT&T Mobility Services, LLC

### Memorandum Opinion[1]

Christopher Cutsinger ("Employee"), a 55-year-old resident of Sumner County, Tennessee, worked for AT&T Mobility Services, LLC ("Employer"). On or about July 9, 2020, Employee reported suffering symptoms in his hands, arms, shoulders, and neck after lifting traffic cones at work. He later reported neurological and/or cognitive problems he believed were related to or aggravated by the incident at work. On or about

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

February 8, 2022, Employee reported another incident in which he felt additional symptoms in his shoulders, neck, and back after lifting a spool of cable off the ground.[2]

Following the first reported incident, Employee received authorized care from several medical providers, including CareNow, Dr. Scott Parker (neurosurgeon), Dr. Scott Baker (pain management), and Dr. Douglas Mathews (neurosurgeon). While in Dr. Parker's care, Employee underwent a neck MRI that revealed degenerative changes at several levels of the cervical spine with foraminal stenosis. Dr. Parker eventually recommended a pain management evaluation, and Employee was then seen by Dr. Baker, who opined that Employee's symptoms did not warrant pain management treatment. Employee was then evaluated by Dr. Mathews for possible carpal tunnel syndrome. Dr. Mathews noted "minimal symptoms" of left ulnar neuropathy that did not merit surgery. Dr. Mathews also stated that Employee had reached maximum medical improvement following left shoulder and cervical strains with no residual permanent medical impairment. Dr. Parker agreed that Employee had reached maximum medical improvement as of May 18, 2021, and released him to return to work with no restrictions.

During the course of Employee's medical evaluations and treatment, disputes arose regarding the medical necessity of a cognitive evaluation and its causal connection to the reported work injury. Dr. Parker, an authorized treating physician, indicated in his records that the need for a cognitive evaluation was related to "stress and anxiety due to radicular arm pain and subsequent treatments." Employer asserted Employee had a pre-existing anxiety disorder and there was no evidence the reported work accident had exacerbated or aggravated that condition. During his deposition, Dr. Parker clarified his causation opinion by testifying that the referral for a cognitive evaluation was not "more than 50 percent related to the work injury." Thereafter, Employee elected to seek treatment on his own from Dr. James Anderson, the neurologist to whom he was referred by Dr. Parker. Later, he filed a request for an expedited hearing, asking the trial court to order Employer to pay for his treatment with Dr. Anderson. In a February 11, 2022 expedited hearing order, the trial court denied Employee's request for authorized treatment with Dr. Anderson, determining that Employee was not likely to prevail at trial in proving such treatment was reasonable, necessary, or causally related to the work accident. That order was not appealed.

With respect to the second reported work accident, which occurred on or about February 18, 2022, Employer provided a panel of physicians on April 13, 2022, from which Employee selected Dr. Jonathan Cornelius.[3] Following an evaluation on April 27, 2022, Dr. Cornelius released Employee to return to work with a 10-pound lifting

[2] Although the trial court has treated these two cases as consolidated, the record on appeal contains no order of consolidation. For purposes of this appeal, we are treating the cases as consolidated.

[3] The record also contains an April 18, 2022 panel that indicated Employee had selected Concentra Rivergate as his authorized provider.

restriction for his left arm. That restriction was amended to twenty pounds as of June 22, and Dr. Cornelius prescribed a work hardening program. After reviewing records related to Employee's prior left shoulder treatment, Dr. Cornelius stated in July 2022, "I cannot say that his current symptoms are more likely than not due to the 2/18/2022 incident." In September 2022, Dr. Cornelius eased the lifting restriction for the left upper extremity to 80 pounds.

Employee then requested a second expedited hearing asking the trial court to order Employer to authorize a "blood patch" procedure related to his purported reaction to a steroid injection during his treatment following the first accident. He also sought an order for the payment of temporary total disability benefits related to the second accident. The trial court entered an order on October 19, 2022, concluding that Employee had not come forward with sufficient evidence supporting his request for additional benefits in either case. The court, however, granted "continuing, causally related medical treatment of his work injuries." That order was not appealed. Thereafter, Dr. Cornelius placed Employee at maximum medical improvement for his left shoulder condition on December 14, 2022.

After numerous scheduling and status conferences in both cases, Employee filed another request for an expedited hearing, again asking the court to order Employer to authorize Dr. Anderson's treatment. Employer opposed the request, arguing that Employee was seeking the same relief the court had already addressed and denied in previous hearings without having produced any new evidence for the court's consideration. In response, Employee argued that Dr. Cornelius had completed a Standard Form Medical Report (Form C-32) on which he indicated that Employee retained some degree of permanent medical impairment causally related to the second reported work accident.

On May 8, 2024, in a single order entered in both cases, the trial court cancelled the expedited hearing and set the case for a scheduling conference with the intent to set discovery and proof deadlines and a final compensation hearing, presumably for both cases. Employee has appealed that order in both cases.

Generally, the Court of Workers' Compensation Claims addresses substantive claims for workers' compensation benefits in one of two settings: either an expedited hearing or a compensation hearing. *See* Tenn. Code Ann. § 50-6-239. As we have noted on previous occasions, a trial court has broad discretion to manage its docket and control the pace of litigation. *See, e.g.*, *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117, 2015-01-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016). We have also noted that expedited hearings are interlocutory in nature, meaning the court's expedited hearing order is not final and can be modified at any time prior to a final judgment. *See, e.g.*, *Green v. Rogers Grp.*, No. 2016-04-0085, 2017 TN Wrk. Comp. App. Bd. LEXIS 34, at *4 (Tenn. Workers' Comp.

3

App. Bd. May 22, 2017) ("[A]n interlocutory order is an interim decision subject to revision by a trial court at any time prior to the issuance of a final order."). Furthermore, an employee seeking benefits at an expedited hearing has a lesser burden of proof than at a compensation hearing. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

At a final compensation hearing, generally referred to as the trial of the case, the employee must prove by a preponderance of the evidence each essential element of his or her claim for relief. Tenn. Code Ann. § 50-6-239(c)(6). Typically, final compensation hearings are set after the injured worker has reached maximum medical improvement and after the parties have been given a reasonable opportunity to secure whatever testimony or other admissible evidence they intend to present to the court. *See Panzerella v. Amazon.com, Inc.*, No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *10-11 (Tenn. Workers' Comp. App. Bd. May 15, 2017). An order issued by the court following a compensation hearing is appealable and becomes final as provided in Tennessee Code Annotated section 50-6-239(c)(9) or section 50-6-217(a)(2)(B).

Here, in its order canceling the expedited hearing and setting a scheduling conference, the court noted that Employee had been placed at maximum medical improvement as to both claims and there was no reason to delay the selection of a trial date by conducting another expedited hearing. Under these circumstances, we cannot conclude the trial court abused its discretion in declining to conduct another expedited hearing and instead expecting the parties to set reasonable proof deadlines and select a trial date for both cases.[4]

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.

---

[4] The trial court's actions also do not implicate Employee's procedural due process rights as Employee has alleged in his notice of appeal. As the Tennessee Supreme Court explained in *Keller v. Casteel*, 602 S.W.3d 351 (Tenn. 2020), the federal and state constitutions contain clauses that are "intended to secure the individual from the arbitrary exercise of the powers of government." *Id.* at 357 (quoting *Tenn. Dept. of Corr. v. Pressley*, 528 S.W.3d 506, 513-14 (Tenn. 2017)). Here, Employee has offered no evidence or argument that the trial court's process in conducting hearings, selecting trial dates, and/or controlling the pace of litigation is arbitrary or otherwise runs afoul of those constitutional protections.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Christopher Cutsinger | ) | Docket Nos. 2021-06-0007 |
| | ) | 2022-06-1079 |
| v. | ) | |
| | ) | State File Nos. 48212-2020 |
| AT&T Mobility Services, LLC, et al. | ) | 26837-2022 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of July, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Christopher Cutsinger | | | | X | gotsync@bellsouth.net |
| Garett P. Franklyn | | | | X | gpfranklyn@mijs.com dmduignan@mijs.com cacole@mijs.com ssshell@mijs.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. Yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov